**Priscilla BOYER, Plaintiff–Appellant,**

v.

**RIVERHEAD CENTRAL SCHOOL DISTRICT, Charles Venezia, David Loddengaard, Phillip Kent, and Marguerite Volonts, Defendants–Appellees.**

No. 08–5229–cv.

United States Court of Appeals, Second Circuit.

Aug. 31, 2009.

---

Victor M. Serby, Woodmere, NY, for Plaintiff–Appellant.

John F. McKay, III, Ruffo Tabora Mainello & McKay, P.C., Lake Success, NY, for Defendants–Appellees.

Present: ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges, EDWARD R. KORMAN, District Judge.*

Plaintiff Priscilla Boyer appeals from a judgment of the district court granting summary judgment in favor of defendants Riverhead Central School District ("RCSD"), Charles Venezia, David Loddengaard, Phillip Kent, and Marguerite Volonts. The complaint alleged, *inter alia*, that RCSD failed to hire Boyer because of her age. We assume the parties' familiarity with the facts and procedural history of the case.

■ We affirm the grant of summary judgment to the defendants on Boyer's claim that RCSD failed to hire her for either middle school teacher position because of her age, because Boyer has failed to make out a *prima facie* case of age discrimination. *See Byrnie v. Town of Cromwell,* 243 F.3d 93, 101 (2d Cir.2001) (describing the elements of a *prima facie* case under the ADEA). Although the burden of establishing a *prima facie* case is minimal, Boyer can point to no evidence suggesting that the circumstances of

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

RCSD's failure to hire her for a middle school teacher position give rise to an inference of discrimination.

 We conclude further that the district court properly granted summary judgment to the defendants on Boyer's claim that RCSD failed to hire her for the elementary school teacher position because of her age. Assuming *arguendo* that Boyer has made out a *prima facie* case on this claim, RCSD has articulated a non-discriminatory explanation for its hiring decision—that is, that the successful applicant performed better at her interview. *See id.* at 105–07 (concluding that the employer's explanation that it made its hiring decision based on interview performances is sufficient to shift burden to plaintiff to show that the explanation is a pretext). Boyer's evidence that this non-discriminatory explanation for its hiring decision was a pretext, however, is not sufficient to permit a rational finder of fact to infer that RCSD unlawfully discriminated against her. *Cf. id.* (finding sufficient evidence to create a genuine issue of material fact regarding whether the employer's non-discriminatory explanation was credible).

We have considered, and are not persuaded by, Boyer's remaining arguments. Accordingly, the judgment of the district court is hereby **AFFIRMED**.